IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRUSTEES OF THE NATIONAL ELEVATOR :
INDUSTRY PENSION, ET AL. :
: CIVIL ACTION
v. :
: NO. 17-3108
1ST PRIORITY ELEVATOR COMPANY, ET AL.:

# MEMORANDUM

**SURRICK, J.**                                                                                                        **DECEMBER 4 , 2017**

Presently before the Court is Plaintiffs' Motion for Default Judgment. (ECF No. 5.) For the following reasons, the Motion will be granted.

## I. BACKGROUND

In this ERISA action, Plaintiffs, which include Trust Funds for the National Elevator Industry ("NEI Funds"), seek to collect delinquent employee benefit fund contributions from Defendant 1st Priority Elevator Company and 1st Priority Elevator's owner and officer, Mauline Williams (the "Individual Defendant").[1] Plaintiffs request the outstanding contributions due, as well as interest and liquidated damages on those payments.

The Complaint alleges that on September 22, 2003, 1st Priority Elevator and the International Union of Elevator Constructors (the "Elevator Union") entered into a Collective Bargaining Agreement ("CBA") establishing the terms and conditions of employment for the elevator workers employed by 1st Priority Elevator. (Compl. ¶ 5, ECF No. 1.) Pursuant to the CBA, 1st Priority Elevator was bound by the terms and conditions of the Declarations of Trust

---

[1] The Plaintiffs are the Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds. The NEI Funds are multi-employer benefit plans, as defined by ERISA. *See* 29 U.S.C. § 1002(3) and (37).

(referred to as the "Trust Agreements" in the Complaint) associated with each of the NEI Funds. (*Id*. ¶ 7.) Pursuant to the Declarations of Trust, 1st Priority Elevator was obligated to file monthly reporting forms with the Plaintiff NEI Funds and to submit contributions that correspond to the total number of hours worked by covered 1st Priority Elevator employees. (*Id*. ¶¶ 6, 7.) These contributions finance the NEI Funds and provide pension, medical, and educational benefits to the Union employees. (Default Mem. 1, ECF No. 4.) As a result, the NEI Funds are third party beneficiaries to the CBA. (*Id*.)

Plaintiffs allege in the Complaint that an audit conducted by the Trustees revealed that for the period January 1, 2012 through May 31, 2014, 1st Priority Elevator owes $37,627.17 in additional contributions and interest.[2] Additional interest that has accrued since the time of the audit totals $3,320.75. (Default Mem. 4.) The Declarations of Trust also provide that when an employer fails to pay the amounts required by the CBA on time, the Fund Trustees may seek liquidated damages in the amount of 20 percent, interest, costs, and attorneys' fees associated with the collection of the delinquent contributions. (Compl. ¶ 11.) The liquidated damages amount associated with these delinquent contributions totals $7,132.64. (Default Mem. 4-5.) Plaintiffs also seek audit fees in the amount of $3,862.00, and additional interest in the amount of $80.66 for the late payment of contributions for the months of February, March, May, and June 2017. (*Id*. at 4.) Finally, Plaintiffs seek attorneys' fees in the amount of $1,437.50 and costs in the amount of $670, for having to bring this lawsuit. (*Id*. at 12.)

The Complaint was filed on July 12, 2017. Defendants were served with the Complaint on July 28, 2017. (ECF No. 2.) Defendants failed to file an Answer, or otherwise plead or defend this action. On August 8, 2017, the Clerk of the Court entered default against

---

[2] The Declarations of Trusts for the NEI Funds provide that any participating employer may be audited, and that the Trustees of the NEI Funds may designate a Certified Public Accountant to conduct the audit. (Compl. ¶ 12.)

2

Defendants. (ECF No. 5.) On August 31, 2017, Plaintiffs filed this Motion for Default Judgment. Defendants have not responded to the Motion and no attorney has entered an appearance on behalf of Defendants.

## II. DISCUSSION

In determining whether a default judgment is warranted, courts in this circuit weigh three factors: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant's delay is due to culpable conduct; and (3) whether the defendant appears to have a litigable defense. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted). We are satisfied that all of these factors weigh in favor of entering default judgment.

Plaintiffs will be prejudiced if the default is denied. Plaintiffs will be required to make payments to its union members despite its inability to collect contributions from 1st Priority Elevator that are due under the CBA and the Declarations of Trust. *See Nat'l Elec. Benefit Fund v. FJM Elec. Constr., LLC*, No. 13-3057, 2015 WL 6750726, at *2 (E.D. Pa. Nov. 5, 2015) (finding that plaintiff union would have been prejudiced if default judgment were denied because it was still required to make vested payments to participants even if the employer failed to make the required contributions).

In addition, Defendants' culpability is evident from the fact that they failed to make contributions or respond in any way to Plaintiffs' claims despite being put on notice. *See New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Belmont Contracting Corp.*, No. 13-507, 2014 WL 3731267, at *2 (D.N.J. July 25, 2014) (finding that the defendant "is culpable because it has been served with notice of this action, but has failed to properly participate").

3

Finally, Defendants do not appear to have a litigable defense. With respect to 1st Priority Elevator, Section 1145 of ERISA requires that "[e]very employer who is obligated to make contributions to a plan or under the terms of a collectively bargained agreement . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. In the event that an employer such as 1st Priority Elevator fails to make contributions in violation of the CBA, the Court may award:

> (A) the unpaid contributions;
> (B) interest on the unpaid contributions;
> (C) an amount equal to the greater of –
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages . . . ;
> (D) reasonable attorneys' fees and costs of the action, to be paid by the defendant; and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Here, an independent audit revealed that 1st Priority Elevator failed to make contributions for work performed by Union members pursuant to the CBA from January 1, 2012 through May 31, 2014. As a result of this failure, Plaintiffs are entitled to damages as set forth in 29 U.S.C. § 1132(g)(2).

With respect to the Individual Defendant, Mauline Williams, Plaintiffs allege that he is jointly and severally liable for the delinquent contributions and for damages as a result of his breach of fiduciary duties. Under ERISA, "[a]ny person who is a fiduciary with respect to a plan" is personally liable if they breach their fiduciary duties. 29 U.S.C. § 1109(a). For fiduciary liability to attach to individuals, we must determine: (1) whether contributions are "plan assets"; and (2) whether the individual exercises discretion in the management of the plan, or exercises authority or control over the plan assets. *Trustees of Nat. Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Pres. Funds v. Century Elevator, Inc.*, No. 11-3792, 2011 WL 4807914, at *3 (E.D. Pa. Oct. 11, 2011); *see also* 29 U.S.C. § 1002(21)(A) (stating that

a person is a fiduciary if he or she "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its asset."); *Srein v. Frankford Trust Co.*, 323 F.3d 214, 220-21 (3d Cir. 2003).

Here, the record supports a finding that the Individual Defendant Mauline Williams is a fiduciary. ERISA regulations define "plan assets" as amounts that a participant pays to an employer, or amounts that a participant has withheld from his wages by an employer. 29 C.F.R. § 2510.3–102(a)(1). The CBA to which 1st Priority Elevator was bound provides:

> Title to all monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund . . . shall vest in and remain exclusively in the Trustees of said Funds, respectively.

(Default Mot. 10 (citing CBA ¶ 7, Default Mot. Ex. 1).) This language reveals that unpaid contributions constitute "plan assets." *See Century Elevator*, 2011 WL 4807914, at *4-5 (concluding that unpaid contributions were plan assets where language in CBA indicated that money owed to a Trust Fund shall "vest" with the Trustee of that Trust).

The record also supports a finding that the Individual Defendant, who is the corporate president, CEO, registered agent, and 50 percent owner of 1st Priority Elevator, exercised control over the plan assets. The Complaint alleges that Mauline Williams determined the monthly contributions owed by 1st Priority Elevator, exercised authority and control over the plan assets, voluntarily entered into the CBA, and commingled plan assets with 1st Priority Elevator's general assets to pay other creditors. (Compl. ¶¶ 26, 31.)

These allegations also support a finding that the Individual Defendant breached his fiduciary duties by failing to timely remit contributions pursuant to the CBA. *Century Elevator*,

5

2011 WL 4807914, at *5 ("ERISA fiduciaries are responsible for the 'proper management, administration, and investment of [plan] assets, the maintenance of proper records, the disclosure of specific information, and the avoidance of conflicts of interest.'" (quoting *Mertes v. Hewitt Assocs.*, 508 U.S. 248, 252 (1993))). The Individual Defendant is jointly and severally liable with the corporate Defendant, 1st Priority Elevator.

Finally, the record before us, which includes no filings from any of the Defendants, does not reveal any litigable defenses. Accordingly, entering default judgment against Defendants is appropriate.

With regard to Plaintiffs' request for counsel fees in the amount of $1,437.50 and costs in the amount of $670.00, counsel obviously met and conferred with their clients, prepared a Complaint with exhibits, filed the Complaint in this Court, made arrangements for service on Defendants, prepared and filed a Praecipe for Default, and prepared and filed the Motion for Entry of Default Judgment with Exhibits, Memorandum, and a proposed order. The request for attorneys' fees and costs in the amount of $2,107.50 is clearly not unreasonable.

### III. CONCLUSION

For these reasons, Plaintiffs' Motion for Default Judgment will be granted. Judgment will be entered in favor of Plaintiffs and against Defendants 1st Priority Elevator Company and Mauline Williams.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**